**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | |
|---|---|
| IN RE:<br>DEBRA WUEGER<br>Debtor | Case No. 22-11602-amc |
| | Chapter 13 |
| Wells Fargo Bank, N.A.,<br><br>Movant | |
| vs.<br>DEBRA WUEGER<br>Respondent | 11 U.S.C. §362 |

**AMENDED STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
FROM THE AUTOMATIC STAY**

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, Wells Fargo Bank, N.A., and BRAD J SADEK, Esquire, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 3155 Byberry Rd, Philadelphia, PA 19154-1813, mortgage account ending with "3367".

3. Debtor was approved for deferral in September 2025. Post arrearage was included in the referral of $4,708.04 included in Stipulation entered on September 26, 2025 (DE 33) was included in deferral.

4. Debtor agrees to remain current post-petition from this day forward. Beginning May 1, 2026  in the amount of $1,054.57, all subsequent monthly payments and any late charges, shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or money order payable to Wells Fargo Bank, N.A., and sent to Wells Fargo Home Mortgage, P.O. Box 14507, Des Moines, IA 50306.

5. If Debtor provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

6. Should the Debtor fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, whichever failure occurs first, the Movant may send Debtor and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, waiving FED. R. Bankr. P. 3002.1 and waiving Bankruptcy Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

7. In the event the Debtor converts this case to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362, and waiving Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

8. Debtor's tendering of a check to WELLS FARGO BANK, N.A., which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

9. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Dated: <u>April 27, 2026</u>                    <u>/s/ Andrew Spivack</u>
                                           Andrew Spivack, Esquire
                                           Attorney for Movant


                                           <u>/s/ Brad J. Sadek</u>
                                           BRAD J SADEK, Esquire
                                           Attorney for Debtor

/s/ Jack K. Miller, Esquire    for

KENNETH E. WEST, Esquire
Trustee